# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

## OFFICIAL COURT NOTICE
## IMPORTANT – PLEASE READ CAREFULLY

**YOU MAY GET MONEY FROM THIS CLASS ACTION SETTLEMENT
AND YOUR RIGHTS MAY BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS ACTION.**

### Why is this notice being sent?

This notice is to inform you of a class action settlement in the case *Malinski, et al. v. Starwood Hotels & Resorts Worldwide, Inc.*, Case No. 1:08-cv-11859-RWZ, pending in the U.S. District Court for the District of Massachusetts (the "Action"). Plaintiffs Lizabeth Malinski, Lorraine Smith, Kathleen Yazinki, Filis Warren, and Sandra Moores ("Plaintiffs"), former banquet servers, asserted claims involving the distribution of banquet service charges and administrative fees at hotels in Massachusetts operated by Starwood Hotels & Resorts Worldwide, Inc. ("Starwood" or "Defendant"). Starwood has denied Plaintiffs' allegations in their entirety and continues to assert that its practices with respect to distribution of service charges and administrative fees in Massachusetts complied with all legal requirements.

After litigating the case for more than a year and half and engaging in extensive negotiations, the parties have reached a settlement of the Action (the "Settlement"). The Court has granted preliminary approval of the Settlement and has scheduled a hearing on October 13, 2010 at 2:00 pm at the John J. Moakley Courthouse, Courtroom 12, One Courthouse Way, Boston, Massachusetts to determine whether to grant final approval.

**IF YOU ARE ONE OF THE INDIVIDUALS DESCRIBED BELOW WHO IS AFFECTED BY THE PROPOSED SETTLEMENT, YOU MAY GET MONEY FROM THIS SETTLEMENT, BUT ONLY IF YOU COMPLETE AND SUBMIT THE ENCLOSED "CLAIM FORM AND RELEASE" ("CLAIM FORM") TO THE SETTLEMENT ADMINISTRATOR, RUST CONSULTING, INC. (THE "SETTLEMENT ADMINISTRATOR"), BY SEPTEMBER 16, 2010.**

### Who is affected by the proposed Settlement?

The parties' proposed Settlement affects all individuals who were paid banquet service charges at any of the following Starwood-owned or operated hotels during the period of time between October 5, 2002 and December 31, 2009 when Starwood owned and/or operated the following hotels: Boston Park Plaza, Four Points Hyannis, Four Points Lexington, Four Points Waltham, Sheraton Boston, Sheraton Braintree, Sheraton Colonial, Sheraton Framingham, Sheraton Lexington, Sheraton Needham, Sheraton Newton, Westin Boston Waterfront, Westin Copley Place, and Westin Waltham.

### What is this case about?

Plaintiffs brought this Action on behalf of themselves and other similarly situated individuals. They claimed that Starwood retained banquet charges that customers reasonably believed were service charges (instead of distributing them to the banquet wait staff).[1] Plaintiffs also asserted that individuals who were not eligible to participate in service charge distributions received service charges and that Starwood did not comply with minimum wage requirements. Plaintiffs asserted claims under the Massachusetts Tip Statute and Minimum Fair Wage Statute as well as claims for breach of contract.

Starwood expressly denies any wrongdoing or legal liability arising out of any of the claims alleged in the Action. Starwood continues to assert that its banquet wait staff pay practices in Massachusetts complied with all legal requirements. Starwood also asserts that it has strong defenses to the Plaintiffs' claims.

---

[1] Plaintiffs also brought claims in this lawsuit against another company, Pyramid Advisors LLC. This proposed Settlement does not involve claims against Pyramid, which were settled separately.

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### What are my options?

You have four options with regards to this Settlement. You can: 1) participate in the Settlement by filing the enclosed Claim Form; 2) choose to be excluded from the Settlement by submitting a written statement that you choose to opt out of the Settlement; 3) object to the Settlement; or 4) do nothing. Details about each option and how each option will affect your rights under the law are explained below.

### What are the terms of the proposed Settlement?

Under the Settlement, Starwood will pay $1,650,000.00 (the "Total Settlement Amount") into a qualified settlement fund within fourteen (14) days after the Court grants final approval to the Settlement. This fund is designed to cover all payments to class members; attorneys' fees and litigation costs; Settlement administration costs; and enhancement payments to Lizabeth Malinski, Lorraine Smith, Kathleen Yazinki, Filis Warren, and Sandra Moores for bringing and prosecuting the Action.

After deducting attorneys' fees and litigation costs, Settlement administration costs, and the enhancement payments to Lizabeth Malinski, Lorraine Smith, Kathleen Yazinki, Filis Warren, and Sandra Moores, the Net Settlement Amount will be distributed among members of the Settlement Class who submit valid and timely Claim Forms. The amount that class members receive will vary depending on the hotel at which they worked as banquet wait staff and the amount of banquet service charges/gratuities they earned during the period Starwood owned or operated the hotel. The Net Settlement Amount will be divided into fourteen separate sums, one for each of the fourteen hotels encompassed by this Settlement. The portion of the Net Settlement Amount assigned to each hotel shall be calculated based on the proportion of administrative fees charged by the hotel for banquet events during the period from October 5, 2005 to December 31, 2009 in comparison to all administrative fees charged during that period, except that for the two hotels that Starwood did not operate during that period (Four Points Lexington and Four Points Waltham), the hotel's share will be equal to the lowest of the amounts ascribed to the other twelve hotels. Individual awards to members of the Settlement Class shall be calculated based on the banquet service charges/gratuities the class member was paid in comparison to the total banquet service charges/gratuities paid to all banquet wait staff at the hotel during the period Starwood owned or operated the property between October 5, 2002 and December 31, 2009 (the "Relevant Period"), except there will be a minimum guaranteed payment of $20.00. In addition, Lizabeth Malinski, Lorraine Smith, Kathleen Yazinki, Filis Warren, and Sandra Moores, who as named Plaintiffs and class representatives took the risk of bringing this litigation, took a lead role in prosecuting the litigation and assisted in its resolution, will each receive an enhancement payment of $4,000 per person. Finally, funds from the Net Settlement Amount that are not paid out to settle claims will be distributed to Greater Boston Legal Services.

### Who represents the parties?

Attorneys for Plaintiffs and the Settlement Class ("Class Counsel") are:

**LICHTEN & LISS-RIORDAN, P.C.**
Shannon Liss-Riordan, Esq.
Hillary Schwab, Esq.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Ph: 1-617-994-5800
Alisha Ripley, Assistant

Attorneys for Defendant are:

**SEYFARTH SHAW LLP**
Ariel D. Cudkowicz, Esq.
Brigitte M. Duffy, Esq.
2 Seaport Lane, Suite 300
Boston, MA 02210
Ph: 1-617-946-4800

### How Will The Attorneys for the Class be Paid?

Class Counsel will be paid from the Total Settlement Amount. The attorneys for the Class will ask for fees and costs of litigation of no more than one third of the Total Settlement Amount. The actual amount awarded will be determined by the Court to ensure that the amount of attorneys' fees and costs is reasonable.

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### What happens if I choose to participate in the Settlement?

If you return the enclosed Claim Form by **September 16, 2010** and the Court approves the Settlement, you will receive a monetary award based on the amount of banquet service charges/gratuities paid to you by Starwood during the Relevant Period. To join the Action and participate in the Settlement, you must complete a Claim Form and return it to the Settlement Administrator with a postmark date of no later than **September 16, 2010**. A copy of the Claim Form is enclosed with this notice and may also be obtained by contacting the Settlement Administrator at the address or phone number that appears at the end of this notice. If Starwood's records showed that you earned banquet service charges/gratuities at the one of the hotels listed above during the Relevant Period of time, you should have received a Claim Form that lists both the hotel at which you worked banquet functions and the amount of banquet service charges/gratuities you earned during the Relevant Period. If you do not believe that information provided is accurate, you can raise your concern with the Settlement Administrator when you submit your Claim Form by providing additional information to support your position and any supporting documentation. **Do not alter the Claim Form in any way.** Claim Forms that are altered, unsigned or untimely will be invalid and may preclude you from participating in the Settlement.

If you choose to return a Claim Form and participate in the Settlement, then upon final approval you will be deemed by the Court to have fully and irrevocably released and waived any and all wage and hour claims you may have against Starwood under federal, state or local law through the date on which the Court approves the Settlement. You will be unable to bring any claim against Starwood that is included in the Release of Claims provided on the Claim Form.

### No Retaliation

Whether you are a current or former employee of Starwood, your decision as to whether or not to submit a Claim Form will in no way affect your employment or prospects for future employment with Starwood. Starwood is prohibited by law from taking any action against any Settlement Class member based on the individual's decision to participate in the Settlement.

### How quickly must I act to participate in the Settlement?

To participate in the Settlement, you must properly complete and timely submit the enclosed Claim Form to the Settlement Administrator.

**THE CLAIM FORM MUST BE POSTMARKED OR RECEIVED BY THE SETTLEMENT ADMINISTRATOR AT THE ADDRESS SET FORTH BELOW ON OR BEFORE SEPTEMBER 16, 2010.**

### What if I choose to exclude myself from or "opt out" of the Settlement?

You may exclude yourself from the Settlement by submitting a statement to the Settlement Administrator that you choose to opt out of the Settlement. If you timely complete and submit an opt out statement, you will not receive any money from the Settlement. If you opt out, you will not be subject to the Release of Claims set forth in the Settlement Agreement and Claim Form.

To exclude yourself from the proceedings, you must submit a written statement that you choose to opt out of the Settlement to the Settlement Administrator, with a postmark date of no later than **September 16, 2010**.

### What if I choose to object to the Settlement?

You can object to the terms of the Settlement before final approval. However, if the Court approves the Settlement, you may still be bound by the terms of the Settlement. You may both object to the Settlement and participate in it, but you must timely file a Claim Form to receive any money from this Settlement. You may not object to the Settlement if you choose to opt out of the Settlement.

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

To object, you must submit a written objection, along with any supporting briefs or materials, by <u>September 16, 2010</u> to the Court and you must serve a copy on the counsel for both parties at the addresses listed above. Any objection not timely submitted in writing to the Court and served upon the counsel for the parties will be deemed waived.

**IF YOU INTEND TO OBJECT TO THE SETTLEMENT, BUT WISH TO RECEIVE YOUR SHARE OF THE SETTLEMENT FUNDS, YOU MUST STILL TIMELY FILE YOUR CLAIM FORM AS STATED ABOVE. IF THE COURT APPROVES THE SETTLEMENT DESPITE YOUR OR ANY OTHER OBJECTION AND YOU HAVE NOT SUBMITTED A CLAIM FORM, YOU WILL NOT RECEIVE ANY PROCEEDS FROM THE SETTLEMENT.**

### What if I do nothing?

If you do not return a Claim Form, you will NOT receive any monetary award from the Settlement. If you do not return a Claim Form or a statement expressing your choice to opt out of the Settlement, your claims under Massachusetts law will be released.

You are strongly encouraged to make a decision as to whether you wish to participate in the Settlement and to return the appropriate form within the allotted time period.

### Who can answer questions regarding the Settlement?

This notice only summarizes this lawsuit, the Settlement, and related matters. For more information about the Settlement or if you have any questions regarding the Settlement, you may contact the Settlement Administrator at:

Administrator: Malinski v. Starwood Settlement
c/o Rust Consulting, Inc.
PO Box 944
Minneapolis, MN 55440-0944

Toll-Free: 1-800-871-6167

*<u>Do not contact the Court directly about this matter. The Court cannot provide you with legal advice or any opinion regarding the Action or proposed Settlement.</u>*

MALINSKI V. STARWOOD SETTLEMENT  
C/O RUST CONSULTING, INC.  
PO BOX 944  
MINNEAPOLIS, MN 55440-0944  

**THE ENCLOSED CONTENTS OF THIS ENVELOPE RELATE TO A SETTLEMENT OF CLASS ACTION LAWSUIT INVOLVING STARWOOD.**


\* 1 2 3 4 5 6 7 8 9 \* -000  
NAME  
ADDRESS  
CITY STATE ZIP CODE  

**CLAIM FORM & RELEASE**

**Lizbeth Malinski, et al. v.**  
**Starwood Hotels & Resorts Worldwide, Inc.**

U. S. District Court for the District of Massachusetts  
Case No. 1:08-cv-11859-RWZ

In order to participate in the Settlement that is described in the Notice of Proposed Class Action Settlement that accompanies this form for certain banquet wait staff who worked at Starwood Hotels & Resorts Worldwide, Inc. ("Starwood"), you must complete and submit this Claim Form to the Settlement Administrator, Rust Consulting, Inc., PO Box 944, Minneapolis, MN 55440-0944, postmarked not later than **September 16, 2010**. Please complete the section below called "Personal Information" and sign and date the form as directed.

Name (according to Starwood records): <<NAME>>

### PERSONAL INFORMATION

Name (First, Middle and Last):_____

Home Street Address:_____

City, State, Zip Code:_____

Telephone Number (Home and/or Mobile): ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

E-mail Address (Optional):_____

Social Security Number: ___ ___ ___ - ___ ___ - ___ ___ ___ ___

### WORK HISTORY

(You may leave some or all of this section blank, or provide approximate answers, if you do not have the relevant information):

According to Starwood's payroll records you worked as banquet wait staff at the <<NAME_OF_HOTEL>> during the Relevant Period of time (October 5, 2002 through December 31, 2009) and were paid $<<SERVICE_CHARGES>> in banquet service charges/gratuities. If you believe this information is inaccurate but intend to submit this form and participate in the Settlement, then in addition to completing the "Personal Information" section above, you should provide information regarding your belief that the information is inaccurate and any supporting documentation to the Settlement Administrator, Rust Consulting, Inc.

Estimated dates of employment with Starwood: ___ ___ / ___ ___ / ___ ___ ___ ___ - ___ ___ / ___ ___ / ___ ___ ___ ___

Primary Hotel at which you worked as banquet employee:_____

Banquet position(s) held with Starwood:_____

TO QUALIFY FOR A SHARE OF THE SETTLEMENT, YOU MUST (1) COMPLETE AND RETURN THE ATTACHED SUBSTITUTE IRS FORM W-9, AND (2) SIGN ON THE LINE BELOW AND AGREE TO THE FOLLOWING CONDITIONS:

## RELEASE OF CLAIMS

I attest, under penalty of perjury, that the information above is true and correct to the best of my memory. I hereby fully, forever, irrevocably and unconditionally release, remise, and discharge Starwood and the current, former and future owners and operators of the hotels listed in the Notice of Proposed Class Action Settlement, each of their current, former and future parents, affiliates, divisions, subsidiaries, joint partners, predecessors and successors, and each of their directors, officers, shareholders, members, fiduciaries, insurers, employees, attorneys and agents (each in their individual and corporate capacities) (collectively referred to as the "Released Parties"), from any and all suits, actions, causes of action, claims, demands, damages, costs, attorneys' fees, loss of wages or benefits, loss of earning capacity, mental anguish, pain and suffering, or other relief permitted to be recovered on under federal, state or local law, based upon (i) the facts, events, allegations, claims and contentions alleged or that could have been asserted in the action captioned *Malinski v. Starwood Hotels & Resorts Worldwide, Inc.*, Civil Action No. 08-cv-11859-RWZ (D. Mass.), including without limitation all claims for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Massachusetts Wage Act, M.G.L. c. 136, 149 and 151, unfair labor practice claims and common law claims brought under equitable, contract or tort theories and/or (ii) the payment of wages or other forms of compensation to employees of Starwood who served food or beverages at banquet functions, including but not limited to minimum wage, overtime and practices relating to charging, collecting, retaining, distributing or payment of administrative fees, other fees, service charges, tips, or gratuities, regarding events that occurred or are alleged to have occurred from the beginning of time until the date of the Court order resulting in Final Approval.

_____      __ __ / __ __ / __ __ __ __
(Signature)                                       Dated:


_____
(Print Name)

## SUBSTITUTE IRS FORM W-9

**TAXPAYER IDENTIFICATION NUMBER**

Enter your Social Security Number:  ☐☐☐ -- ☐☐ -- ☐☐☐☐

**CERTIFICATION**

Under penalties of perjury, I certify that:

1. **The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and**

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3. I am a U.S. person (including a U.S. resident alien).

_____      _____
W-9 Signature                             W-9 Signature Date

**Note:** If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

QUESTIONS?  CONTACT THE SETTLEMENT ADMINISTRATOR AT 1-800-871-6167 (TOLL-FREE)