UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIZABETH MALINSKI, LORRAINE SMITH, KATHLEEN YAZINKA, FILIS WARREN, SANDRA MOORES, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STARWOOD HOTELS & RESORTS WORLDWIDE, INC. and PYRAMID ADVISORS, LLC,<br><br>Defendants. | CIVIL ACTION NO. 1:08-cv-11859-RWZ |

**ORDER OF APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE**

WHEREAS, on October 13, 2010, this Court conducted a Fairness Hearing on the terms and conditions of this Class Action settlement (as reflected in the Settlement Agreement, Release & Waiver ("Settlement Agreement") dated July 21, 2010, together with the Exhibits thereto);

WHEREAS, the Settlement requires, among other things, that all Released Claims (as defined in the Settlement Agreement) against the Defendant and the Released Parties (as defined in the Settlement Agreement) be settled and compromised;

WHEREAS, this matter has come before this Court on a motion by Settlement Class Counsel for approval of the Settlement;

WHEREAS, Defendant has joined in the motion; and

WHEREAS, this Court, having considered all papers filed and proceedings held in connection with said motion, having held a hearing on October 13, 2010, notice of the hearing having duly been given to the Settlement Class and finding no just reason for delay in entry of this Order of Approval of Settlement and Dismissal with Prejudice ("Order of Approval");

NOW, THEREFORE, pursuant to Federal Court Rule of Civil Procedure 23, it is hereby ORDERED that:

1. The terms defined in the Settlement Agreement are incorporated herein.

2. This Court has jurisdiction over the subject matter of this proceeding and all parties in this proceeding, including all members of the Settlement Class.

3. This Court certifies the Settlement Class as: all persons who were employed by Starwood as banquet wait staff at the specific Starwood-owned or operated hotels listed below and received banquet service charge or banquet gratuity distributions for work performed at banquet functions at such hotels during the period of time between October 5, 2002 and December 31, 2009 when Starwood owned and/or operated said hotels. For purposes of the Settlement, the Court certifies to the following settlement subclasses: Boston Park Plaza, Four Points Hyannis, Four Points Lexington, Four Points Waltham, Sheraton Boston, Sheraton Braintree, Sheraton Colonial, Sheraton Framingham, Sheraton Lexington, Sheraton Needham, Sheraton Newton, Westin Boston Waterfront, Westin Copley Place and Westin Waltham.

4. Further this Court appoints Lizabeth Malinski, Lorraine Smith, Kathleen Yazinki, Filis Warren, and Sandra Moores as Settlement Class Representatives, and Shannon Liss-Riordan, Esq. and Hillary Schwab, Esq. of Lichten & Liss-Riordan, P.C. as Settlement Class Counsel.

5. This Court hereby approves the settlement set forth in the Settlement Agreement, and finds that said settlement is fair, reasonable, and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(a).

6. This Court hereby finds and concludes that the notice given to the members of the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2) and due process.

7. This Court hereby dismisses on the merits, with prejudice in favor of Defendant and the Released Parties and against all members of the Settlement Class who have not opted out, all claims asserted in the Action.

8. Each and every member of the Settlement Class who has not opted out is hereby permanently barred and enjoined from instituting, maintaining, prosecuting or enforcing any and all claims released in Paragraph 11 of the Settlement Agreement against any and all Released Parties.

9. Upon entry of this Order of Approval, Defendant and all Released Parties are expressly and irrevocably, fully and finally, released and forever discharged from all claims released in Paragraph 11 of the Settlement Agreement.

10. Without affecting the finality of this order, the Court hereby reserves and retains continuing and exclusive jurisdiction over all matters relating to enforcement of the terms of the Settlement Agreement. If this Order of Approval is reversed or overturned on appeal, then the parties to this action shall be restored to their respective positions existing as of the date of execution of the Settlement Agreement.

11. This action is hereby dismissed, and all Released Claims are dismissed with prejudice against Defendant and all Released Parties.

12. Each Party to this settlement shall bear its own costs and expenses except as directed herein.

13. The terms of the Settlement Agreement remain binding upon the parties thereto, who are directed to implement its provisions.

ENTERED this 13th day of October, 2010.

_____
The Honorable Rya Zobel

12372638v.2